The case as settled by the presiding Judge, and sent up to this Court is substantially as follows:
This was a motion to restore a lost record, founded on an action brought to Spring Term, 1871, of Iredell Superior Court, praying for a restoration of said record, which was a record of the former Court of Equity of said county, and also for the correction of a paper writing, purporting to be a deed made by L. Q. Sharpe, former Clerk and Master of said Court. After the restoration of said record as prayed in the plaintiff's complaint, the action was heard and judgment rendered for the correction of said paper writing.
The complaint in said action alleged, that there had been a bill filed in the Court of Equity of Iredell county, at Fall Term, 1841, in which George F. Davidson, as executor of John Mayhew, and also as trustee of Presley Mayhew, Mahala Holdsclaw, wife of James (675) Holdsclaw, Matilda Hobbs, wife of H. Hobbs, and also the children of said Presley Mayhew, and also as trustee of the children of Matilda Hobbs and others, interested in the lands known as the John McCowen tract, were parties plaintiffs against George W. Mayhew and others, also interested in said lands, which bill asked for a construction of the will of John Mayhew, and for the sale of certain real estate and personal property for partition and distribution among the parties entitled thereto. And it further alleged, that a part of the record in said case in equity, to wit: the original bill filed in the case, had been *Page 543 
destroyed by fire in December, 1854; that the lands known as the McCowan tract, had been sold by an order made in the cause, and that one William Long, Sr., was the purchaser thereof, buying the fee simple for a full and fair price, and that the sale was confirmed by the said Court of Equity. It was further alleged, that Wm. Long, Sr., had paid the purchase money to the Clerk and Master, who had been ordered by the Court to make a deed in fee for said land to said Long; that one L. Q. Sharpe was the then Clerk and Master, had attempted to make the deed as ordered, and had delivered to said Long a paper writing, purporting to be a deed, in which the words of inheritance are omitted, and no seal was affixed thereto; that the equitable title of Wm. Long, Sr., had come by proper conveyances to Wm. Long, Jr., and wife and to John Long, and through them to J. J. Mott, all of whom are plaintiffs in the said suit.
The complaint demanded that the lost record should be restored, and the paper purporting to be a deed should be corrected, and for other relief.
The defendants insisted, that the application to restore the record, should be made before the Clerk of the Superior Court of Iredell county; and further, that the issues of fact raised by the complaint and answer, should be submitted to a jury. This, his Honor refused, and proceeded to hear the evidence in the case. The defendants offered no evidence; and his Honor finding the facts to be as hereinbefore set out, ordered the record to be restored, and the deed corrected by adding proper words of inheritance and affixing thereto a (676) seal.
Defendants excepted to this order of the Court, on the grounds, that there was no sufficient evidence to justify the finding such facts: and that there was no sufficient averment of the contents of the original petition set forth in the plaintiff's complaint, and insisted that the plaintiffs were barred of their relief by the statute of limitation. During the examination, the defendants objected to the testimony of George F. Davidson, who was examined as a witness for the plaintiffs, because after stating, that he caused the bill before mentioned to be filed by his counsel, Bartlett Shipp and Julius Alexander, Esqrs., and that according to his recollection, all the heirs and devises of John Mayhew, who were living in the State were made plaintiffs in said bill, and the non-residents were made parties defendant therein and were brought in by advertisement, he further stated, on cross-examination, that he could not now recollect whether or not he ever read said bill, *Page 544 
or heard it read, or the name of any particular person, either plaintiff or defendant therein contained.
His Honor overruled the objections brought forward by defendants, and gave judgment as before stated, from which judgment the defendants appealed.
The joinder of a motion to amend in the old suit, Davidson v. Mayhew, for partition and sale, with a prayer for relief, by the re-execution and correction of the deed executed by L. Q. Sharpe, C. M. E., on the ground of mistake, might have been cause of demurrer, but as no demurrer was filed, the objection is waived, and the case is before us on both of the questions.
In regard to the amendment. The matter is the subject of a motion in the original cause, to be made, not to the Clerk, but to the (677) Judge of the Superior Court, in term, upon notice, on the ground that he now exercises the jurisdiction heretofore exercised by the Judge in Courts of Equity, under the old system. So the demand for an amendment in this action, is put out of the case, and the judgment in the Court below is reversed, in respect to the amendment. In regard to the re-execution and correction of the deed executed by Sharpe, upon the allegations of the plaintiffs, which are not controverted by the right of the plaintiff to have the deed re-executed and corrected, so as to add the word "heirs," and a "seal" and give to it, the effect of a deed in fee simple is clear, and the judgment is affirmed.
The objection that "his Honor refused to have the issues of fact submitted to a jury," is met by the fact, that in respect to the alleged mistake in the execution of the deed, and the averment that "a fee simple estate was sold," and "that a fee simple price was bid and paid in cash," was not controverted, nor was the fact that Mr. Sharpe, by mistake, omitted to put his seal to the paper, controverted. We think his Honor committed no error in treating the second clause of the answer as obscure, unmeaning and of no legal effect. The clause is in these words: "The defendants deny the other allegations of said complaint, and say the land mentioned in the pleadings belongs to them; that there never was any valid sale thereof, as alleged, and deny that the plaintiffs are entitled to any relief in the premises." This is a beautiful specimen of precision and perspicuity in pleading, and is an instance of what the books call a "sham plea," that is, one put in for *Page 545 
form sake, but presenting no matter upon which a material issue of fact can be joined.
It is adjudged that the Clerk of the Superior Court of Iredell county as successor of the Clerk and Master in Equity for said county re-execute the said deed, by supplying the words necessary to convey an estate in fee simple, and by adding a seal so as to make it take effect, as a deed in fee simple at the date of the original attempt to convey a fee simple estate. This he will do, by executing a (678) deed to Mott, reciting that he is the assignee, and that the deed is made by order of the Superior Court, to take the place of the deed of L. Q. Sharpe to William Long as of its date.
Should the plaintiffs be advised that the deed, thus re-executed, together with the long uninterrupted possession under this color of title, needs further assurance, they can take the necessary steps in order to have the proceedings in the old case of Davidson v. Mayhew, on which the title depends, made perfect by a motion in that case, before the Judge of the Superior Court, who succeeds to all of the jurisdiction of the old Court of equity as well as law.
The judgment will be modified according to this opinion, each party to pay half of the costs of this Court.
PER CURIAM. Judgment accordingly.